**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JULIANNA INES HERNANDEZ, <br> also known as INES HERNANDEZ, <br> on behalf of plaintiff and a class, <br><br> Plaintiff, <br><br> vs. <br><br> NATIONSTAR MORTGAGE LLC, <br> AURORA LOAN SERVICES, LLC, <br> AURORA BANK, FSB, <br> and U.S. BANK, AS TRUSTEE FOR <br> CERTIFICATEHOLDERS OF <br> SECURITIZATION TRUST LXS <br> SERIES 2007-2N, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## <u>COMPLAINT – CLASS ACTION</u>

### <u>INTRODUCTION</u>

1.     Plaintiff brings this action to secure redress for improper conduct in connection with the servicing of her residential mortgage. Defendants are: (a) Nationstar Mortgage LLC, a mortgage servicer, (b) Aurora Loan Services, LLC and Aurora Bank, FSB, which serviced the loan prior to Nationstar, and (c) U.S. Bank, as Trustee for Certificateholders of Securitization Trust LXS Series 2007-2N, the owner of the loan.

2.     Nationstar sent plaintiff a defective notice under 15 U.S.C. §1692g, refused to recognize a modification of plaintiff's mortgage, improperly treated the mortgage as being in default, improperly refused to take plaintiff's payments, and sent plaintiff inaccurate rate change notices.

1

3.     Aurora  refused to recognize a modification of plaintiff's mortgage and sent plaintiff an inaccurate rate change notice.

4.     In this action, plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and state law.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), 15 U.S.C. §1692k (FDCPA), 15 U.S.C. §1640 (TILA), 28 U.S.C. §1337 (interstate commerce) and 28 U.S.C. §1367 (supplemental jurisdiction).

6.     Personal jurisdiction and venue are proper in this District because this action concerns real estate located in Chicago and because defendants do business in the District.

## PARTIES

7.     Plaintiff Julianna Ines Hernandez, also known as Ines Hernandez ("Hernandez"), is an individual who resides in a home which she owns in Chicago, IL.

8.     Hernandez is the debtor in a Chapter 13 bankruptcy, 11 B 32641, filed August 9, 2011.

9.     Defendant Nationstar Mortgage LLC ("Nationstar") is a limited liability company chartered under Delaware law with its principal place of business in Texas.  It does business in Illinois.  Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

10.     Nationstar holds itself out as a "special servicer," that is, one that specializes in collecting mortgages that are either delinquent or in default.  It states on its web

site (http://www.nationstarspecialservicing.com/) that "Our state-of-the-art proprietary default

management system incorporates sophisticated models and NPV analysis to provide optimal loss

mitigation solutions."

11.     As a "special servicer," Nationstar collects consumer debts (residential

mortgages) originally owed to others and that are delinquent when Nationstar first becomes

involved with them.

12.     As of December 31, 2011, Nationstar had a servicing portfolio totaling

$45.8 billion in unpaid principal balance, and serviced another $7.8 billion under contract.

13.     Nationstar, as a regular part of its business activities, acquires ownership

or servicing of loans which are delinquent.

14.     During 2009-2011, between 14% and 20% of Nationstar's portfolio,

amounting to thousands of loans, was at least 60 days delinquent.  Many of the loans were

delinquent when Nationstar first became involved with them.

15.     Nationstar uses the mail and telephone systems to collect such delinquent

loans.

16.     Nationstar is a debt collector as defined in the FDCPA.

17.     Defendant U.S. Bank, as Trustee, for Certificate holders of Securitization

Trust LXS Series 2007-2N ("U.S. Bank") is the owner of the plaintiff's mortgage.   U. S. Bank

may be served at 209 South La Salle Street, Chicago, Illinois 60604.

18.     Defendant Aurora Loan Services LLC is a limited liability company

\chartered under Delaware law with its principal offices in Colorado.  It does business in Illinois.

Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive,

Springfield, IL  62703.

19.     Defendant Aurora Bank FSB is a federally-chartered bank with offices at 2617 College Park, Scottsbluff, NE 69363.  It is an affiliate of Aurora Loan Services, LLC.

20.     Aurora Loan Services, LLC  and Aurora Bank FSB serviced plaintiff's loan prior to Nationstar.  Some actions were taken in the name of Aurora Loan Services, LLC, which was also the plaintiff in the foreclosure lawsuit filed against plaintiff.  Other actions were taken in the name of Aurora Bank FSB.  These defendants are collectively referred to as "Aurora."

21.     Aurora services more than $1 million in residential mortgage loans.

### FACTS

22.     In March 2012, plaintiff obtained a loan modification relating to her residential mortgage.  (Exhibits A-E)

23.     The modification was approved by the Bankruptcy Court in July 2012. (Exhibit F)

24.     Plaintiff sought bankruptcy relief after falling behind on her mortgage
        loan
and having had a foreclosure filed against her by Aurora Loan Services, LLC, 08 CH 33897 (Circuit Court of Cook County).

25.     In July-August 2012, servicing of the loan was transferred from Aurora to Nationstar.

26.     On or about July 18, 2012, Aurora sent plaintiff the notice of interest rate and monthly installment changes attached as Exhibit G.

4

27.     Exhibit G did not accurately state the terms or effect of the modified loan.

28.     On or about July 15, 2002, Nationstar sent plaintiff the letter attached as Exhibit H.

29.     Exhibit H is a form letter used by Nationstar for the purpose of providing the verification notice required by 15 U.S.C. §1692g.

30.     Nationstar did not send plaintiff any other letter for the purpose of providing the verification notice required by 15 U.S.C. §1692g.

31.     On or about August 2, 2012, Nationstar sent plaintiff the notice of interest rate and monthly installment changes attached as Exhibit I.

32.     Exhibit I did not accurately state the terms or effect of the modified loan.

33.     Nationstar knew or should have known of the loan modification and the Bankruptcy Court order approving it.

34.     On or about August 23, 2012, Nationstar sent plaintiff the notice of interest rate and monthly installment changes attached as Exhibit J.

35.     Exhibit J did not accurately state the terms or effect of the modified loan.

36.     On or about August 20, 2012, Nationstar sent plaintiff a monthly statement (Exhibit K) which was based on the premise that the loan had not been modified and was in default.

37.     On or about October 4, 2012, Nationstar sent plaintiff the notice of interest rate and monthly installment changes attached as Exhibit L.

38.     Exhibit L did not accurately state the terms or effect of the modified loan.

39.     On or about November 1, 2012, Nationstar sent plaintiff the notice of interest rate and monthly installment changes attached as <u>Exhibit M</u>.

40.     <u>Exhibit M</u> did not accurately state the terms or effect of the modified loan.

41.     On or about November 13, 2012, Nationstar sent the letter attached as <u>Exhibit N</u>, returning plaintiff's monthly payments pursuant to the modified mortgage "because the funds are insufficient to resolve the delinquency on your account." This also was based on the premise that the loan had not been modified.

42.     Nationstar regularly reports the status of its loans to credit bureaus.

43.     On information and belief, Nationstar reported the status of plaintiff's loans to credit bureaus in a manner consistent with the notices and correspondence sent to plaintiff, and in a manner inconsistent with the actual status of the loan.

44.     Plaintiff suffered emotional distress and aggravation as a result of Nationstar's actions.

45.     Plaintiff was required to hire an attorney and spend time and money dealing with Nationstar's actions.

46.      U.S. Bank, Trustee, LXS Series 2007-46N, as the owner of the mortgage, is liable for the acts of its mortgage servicers, Nationstar and Aurora.

## <u>COUNT I – FDCPA – CLASS CLAIM</u>

47.     Plaintiff incorporates paragraphs 1-46.

48.     This claim is against Nationstar only.

49.     <u>Exhibit H</u> violates 15 U.S.C. §1692g, in that:

a.      It requires that any dispute be made in writing, which is not

6

required by 15 U.S.C. §1692g;

b.      It fails to disclose that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

50.      Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the**

debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## CLASS ALLEGATIONS

51.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

52.     The class consists of (a) all individuals with Illinois addresses (b) who were sent a document in the form represented by Exhibit H (c) relating to an owner-occupied property  (d) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

8

53. On information and belief, the class is so numerous that joinder of all members is not practicable.

54. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit H complies with the FDCPA.

55. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

56. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

57. A class action is superior for the fair and efficient adjudication of this matter, in that:

        a. Individual actions are not economically feasible.

        b. Members of the class are likely to be unaware of their rights;

        c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant Nationstar for:

        (1) Statutory damages;

        (2) Attorney's fees, litigation expenses and costs of suit;

        (3) Such other and further relief as the Court deems proper.

## COUNT II – FAIR DEBT COLLECTION PRACTICES ACT – INDIVIDUAL CLAIM

58. Plaintiff incorporates paragraphs 1-46.

59.     This claim is against Nationstar only.

60.     Nationstar violated 15 U.S.C. §§1692e, 1692e(2), 1692e(8), 1692e(10), 1692f, and 1692f(1), by:

  a.     Misrepresenting the status and amount of the loan;

  b.     Demanding payment of amounts not due;

  c.     Refusing to accept proper payments;

  d.     Communicating inaccurate information to credit bureaus.

61.     Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2)        The false representation of--**

**(A)        the character, amount, or legal status of any debt; . . .**

**(8)     Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

62.     Section 1692f provides:

**§ 1692f.        Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **(1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against

Nationstar for:

> (1)     Actual damages;
>
> (2)     Statutory damages;
>
> (3)     Attorney's fees, litigation expenses and costs of suit;
>
> (4)     Such other or further relief as the Court deems proper.

## COUNT III – TRUTH IN LENDING ACT – INDIVIDUAL CLAIM

63.     Plaintiff incorporates paragraphs 1-46.

64.     This claim is against Nationstar and  U.S. Bank, Trustee, LXS Series

2007-46N.

65.     Defendants' inaccurate rate change notices violated 12 C.F.R.

§1026.20(c).

66.     Section 1026.20(c) provides:

> **§ 1026.20 Subsequent disclosure requirements.**
>
> **. . . (c) Variable-rate adjustments. Except as provided in paragraph (d) of this section, an adjustment to the interest rate with or without a corresponding adjustment to the payment in a variable-rate transaction subject to § 1026.19(b) is an event requiring new disclosures to the consumer. At least once each year during which an interest rate adjustment is implemented without an accompanying payment change, and at least 25, but no more than 120, calendar days before a payment at a new level is due, the following disclosures, as applicable, must be delivered or placed in the mail:**
>
> **(1) The current and prior interest rates.**

**(2) The index values upon which the current and prior interest rates are based.**

**(3) The extent to which the creditor has foregone any increase in the interest rate.**

**(4) The contractual effects of the adjustment, including the payment due after the adjustment is made, and a statement of the loan balance.**

**(5) The payment, if different from that referred to in paragraph (c)(4) of this section, that would be required to fully amortize the loan at the new interest rate over the remainder of the loan term. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against

defendants for:

(1)     Actual damages;

(2)     Statutory damages;

(3)     Attorney's fees, litigation expenses and costs of suit;

(4)     Such other or further relief as the Court deems proper.

## COUNT IV  – TRUTH IN LENDING ACT  – INDIVIDUAL CLAIM

67.     Plaintiff incorporates paragraphs 1-46.

68.     This claim is against Aurora and  U.S. Bank, Trustee, LXS Series 2007-

N.

69.     Defendants' inaccurate rate change notice (<u>Exhibit G</u>) violated 12 C.F.R.

§1026.20(c).

WHEREFORE, the Court should enter judgment in favor of plaintiff and against

defendants for:

(1)     Actual damages;

(2)     Statutory damages;

12

    (3)  Attorney's fees, litigation expenses and costs of suit;

    (4)  Such other or further relief as the Court deems proper.

## COUNT V – BREACH OF CONTRACT – INDIVIDUAL CLAIM

70.  Plaintiff incorporates paragraphs 1-46.

71.  This claim is against defendants Nationstar and  U.S. Bank, Trustee, LXS Series 2007-N.

72.  Defendants violated the terms of the modification when Nationstar refused to honor it, misrepresented the status and amount of the loan, demanded payment of amounts not due, refused to accept proper payments, and communicated inaccurate information to credit bureaus.

  WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

    (1)  Actual damages;

    (2)  Costs of suit;

    (3)  Such other or further relief as the Court deems proper.

## COUNT VI – INTERFERENCE WITH CONTRACT – INDIVIDUAL CLAIM

73.  Plaintiff incorporates paragraphs 1-46.

74.  This claim is against Nationstar and Aurora.

75.  Nationstar and Aurora caused or induced the breach of the modification agreement by their principal, U.S. Bank, Trustee, LXS Series 2007-46N, when, acting as agent for U.S. Bank, Trustee, LXS Series 2007-46N, these defendants refused to honor it, misrepresented the status and amount of the loan, demanded payment of amounts not due,

refused to accept proper payments, and communicated inaccurate information to credit bureaus.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

(1)     Actual damages;

(2)     Punitive damages;

(3)     Costs of suit;

(4)     Such other or further relief as the Court deems proper.

## COUNT VII  – CONSUMER FRAUD ACT  – INDIVIDUAL CLAIM

76.     Plaintiff incorporates paragraphs  1-46.

77.     This claim is against all defendants.

78.     Defendants engaged in unfair acts and practices, in violation of 815 ILCS 505/2, by refusing to honor the loan modification, misrepresenting the status and amount of the loan, demanding payment of amounts not due, refusing to accept proper payments, and communicating inaccurate information to credit bureaus.

79.     Such conduct was contrary to public policy, oppressive, and unscrupulous.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

(1)     Actual damages;

(2)     Punitive damages;

(3)     Attorney's fees, litigation expenses and costs of suit;

(4)     Such other or further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Rupali R. Shah
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)